UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

LI LIU, Individually and on behalf of all other employees similarly situated,

                      Plaintiff,

- against -

SICHUAN GOURMET II, LLC d/b/a SICHUAN GOURMET, WEIXIANG YOU, YONGPENG XIA, ZHONG ZHUANG

                      Defendants.

Case No. 2:19-cv-01179-LPL

**AMENDED COLLECTIVE ACTION COMPLAINT**

## COMPLAINT

Plaintiff LI LIU ("Liu") on his own behalf and on behalf of all other similarly situated employees of Defendants, SICHUAN GOURMET II, LLC d/b/a SICHUAN GOURMET, WEIXIANG YOU, YONGPENG XIA, ZHONG ZHUANG, (collectively "Defendants"), by and through his counsel of record, HANG & ASSOCIATES, PLLC brings this Complaint (the "Complaint") against Defendants, and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and/or based upon the investigation made by his counsel, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendants have improperly failed to pay overtime compensation to their employees, who work in Defendants' restaurant in Pennsylvania, pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and have failed to comply with the Pennsylvania Wage Payment

1

and Collection Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2. Plaintiff was employed by Defendants as a kitchen helper at Defendants' Restaurant.

3. During his employment with Defendants, when Plaintiff and all similarly situated employees worked more than forty (40) hours per week, they were not properly compensated for their overtime hours pursuant to the FLSA and the PMWA.

4. As a result of Defendants' improper and willful failure to pay its employees in accordance with the overtime requirements of the FLSA and the PMWA, Plaintiff and all similarly situated employees have suffered damages.

5. Plaintiff brings this action to seek redress for Defendants' unlawful and improper conduct.

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

7. In addition, the Court has federal question jurisdiction over this action pursuant to *28* U.S.C. § 133l.

8. The Court has jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants maintain a principal place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

## PARTIES

10. Plaintiff Li Liu currently resides New York. Mr. Liu was employed by the Defendant Sichuan Gourmet II, LLC from March 15, 2017 until August 20, 2019.

11. Defendant Sichuan Gourmet II, LLC is incorporated in the state of Pennsylvania and is registered to transact business in the city of Pittsburgh in the state of Pennsylvania. Upon information and belief, Defendant Sichuan Gourmet II, LLC's corporate headquarters is located in this District, at 328 Atwood St, Pittsburgh PA 15213.

12. Upon information and belief, Defendant Weixiang You is an owner, officer, shareholder, and manager of Sichuan Gourmet II, LLC. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at Sichuan Gourmet II, LLC, establish their wages, set their work schedules, and maintain their employment records.

13. Upon information and belief, Defendant Yongpeng Xia is an owner, officer, shareholder, and manager of Sichuan Gourmet II, LLC. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees Sichuan Gourmet II, LLC, establish their wages, set their work schedules, and maintain their employment records.

14. Upon information and belief, Defendant Zhong Zhuang is an owner, officer, shareholder, and manager of Sichuan Gourmet II, LLC. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at Sichuan Gourmet II, LLC, establish their wages, set their work schedules, and maintain their employment records.

15. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and has had an annual gross volume of sales of not less than $500,000.00.

16. Defendant Sichuan Gourmet II, LLC was the Plaintiff's employer with the meaning of the FLSA and PMWA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b) of the FLSA:

    > All individuals who were employed by Defendants at "Sichuan Gourmet II, LLC" at 328 Atwood St, Pittsburgh PA 15213 (the "Collective Action Members").

18. Plaintiff brings this case as a collective action to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiff and all similarly situated employees of Defendants.

19. Plaintiff estimates that there are at least 10 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using their payroll and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Collective Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

20. This action is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members they seek to represent. Plaintiff and similarly situated restaurant employees were subject to the same uniform job description, compensation and overtime policies and practices, manuals, guidelines, scripts, standards, and operational procedures and practices. Further, Defendants' willful policy or practice,

whereby they have failed to pay its employees proper compensation and overtime for all hours worked have affected Plaintiff and similarly situated employees in the same fashion.

21. Plaintiff requests the Court to authorize prompt notice to the Class to inform them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages and overtime compensation and liquidated damages and other penalties under the FLSA.

## FACTUAL ALLEGATIONS

22. At all relevant times Defendants owned and operated "Sichuan Gourmet II, LLC" at 328 Atwood Street, Pittsburgh PA 15213.

23. Upon information and belief, Defendants employ at least ten (10) employees at any one time in their restaurant. Plaintiff and a large number of Defendants' other employees have not received their: (i) wages for all hours worked; and (ii) overtime pay as required by the FLSA and PMWA.

24. Plaintiff Liu was employed as a kitchen helper at "Sichuan Gourmet II, LLC" located at 328 Atwood Street, Pittsburgh PA 15213 from March 15, 2017 until August 20, 2019. He was primarily responsible for providing help, as necessary, to other workers in the kitchen.

25. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital providing chef, server, delivery and other general restaurant services.

26. From March 15, 2017 until August 20, 2019, Plaintiff Liu worked at "Sichuan Gourmet II, LLC". He was paid $2,300 per month from March 15, 2017 to June 30, 2019 and was paid $3,300 per month from July 1, 2019 to August 20, 2019 by cash only.

27. During this period, Plaintiff Liu worked six (6) days per week with either Monday or Tuesday off. Although on menu, Defendant's open hour is from 11:00 am to 9:00 pm on Monday, Tuesday, Wednesday, Thursday, Friday and Saturday and 12:00 pm to 9:00 pm on Sunday. He actually worked from 9:00 am to 9:00 pm on Monday/Tuesday, Wednesday, Thursday, Friday, Saturday and Sunday without any breaks. Plaintiff Liu worked more than seventy-two (72) hours per workweek.

28. At no point during Plaintiff's employments with Defendants, were they ever required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

29. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

30. The work performed by Plaintiff required little skill and no capital investment.

31. Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

32. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations.

33. In addition to the Plaintiff, during the time period Defendants usually employed at least ten (10) other employees simultaneously.

34. Such individuals have worked in excess of 40 hours a week providing cook, chef, waiter/waitress, food preparation, dish washer and cleaning, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the PMWA.

35. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

36. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

37. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

38. This practice violates the FLSA and the PMWA. See 29 U.S.C. § 207(a)(I). As a result of Defendants' unlawful practice, Plaintiff and the Collective Action Members/the Class have suffered a loss of wages to which they are entitled under the FLSA and PMWA.

39. Defendants knew, or showed reckless disregard for the fact, that its failure to pay its employees overtime compensation was in violation of the FLSA and the PMWA.

# COUNT I
# FAIR LABOR STANDARDS ACT
# 29 U.S.C. § 201 *et seq.*
# (UNPAID WAGES/OVERTIME)

40. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

41. Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff and similarly situated employees regularly worked more than 40 hours per week but were not paid overtime. Defendants failed to pay overtime wages to Plaintiff and similarly situated employees.

42. Defendants failed to accurately record actual hours worked by its employees.

43. The foregoing actions of Defendants violate the FLSA.

44. Defendants' actions were willful and not in good faith.

45. Defendants are liable to Plaintiff and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

# COUNT II
# PENNSYLVANIA MINIMUM WAGE ACT
# 43 P.S. §§ 333.101 *et seq.*
# (UNPAID WAGES/OVERTIME)

46. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

47. PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.l04(a).

48. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

49. Plaintiff and the Class are covered employees entitled to the PMWA's protections.

50. Plaintiff and other members of the Class are not exempt from receiving PMWA overtime benefits.

51. Defendants are employers required to comply with the PMWA's mandates.

52. Defendants violated the PMWA by failing to pay Plaintiff and other members of the Class proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

53. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.108
## WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.8
## (FAILURE TO MAINTAIN RECORDS)

54. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

55. Pursuant to 43 P.S. §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, Defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

56. Upon information and belief, Defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the Plaintiff and the Pennsylvania Class and failed to furnish Plaintiff and the Pennsylvania Class with such information. The conduct of defendants was and is unlawful

and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

## COUNT IV
## PENNSYLVANIA COMMON LAW
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.101
## WAGE PAYMENT AND COLLECTION LAW
## 57.    43 P.S. § 260.3
## (BREACH OF CONTRACT)

58. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

59. The conduct of the Plaintiff and members of the Class and the defendants, including the promise of the Defendants to pay Plaintiff and members of the Class all amounts due to them in compliance with state and/or federal law in exchange for the performance by Plaintiff and the members of the Classes of the duties of their employment, including their performance of their duties as restaurant employees, constitutes a valid contract between the parties.

60. The aforesaid contract was supported by good and adequate consideration.

61. Plaintiff and the members of the Class fully performed all of the duties and obligations imposed upon them pursuant to their contract with defendants.

62. The conduct of Defendants, in failing to pay the Plaintiff and the members of the Class all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

63. Therefore, Plaintiff and the Class demand that they be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, *et seq.* and the WPCL, 43 P.S. § 260.3, for every pay period they were not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of

their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the Class period until the date of entry of judgment plus interest and attorneys' fees.

**COUNT V**
**PENNSYLVANIA COMMON LAW**
**(UNJUST ENRICHMENT)**

64. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

65. Defendants have retained for themselves the wages due and owing to the Plaintiff and the Class resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by Plaintiff and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

66. Defendants have wrongfully failed, neglected and refused to pay to the Plaintiff and the Class all sums due to them as a result of which Defendants have been unjustly enriched.

**COUNT VI**
**PENNSYLVANIA COMMON LAW**
**(GENERAL ASSUMPSIT)**

67. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

68. Plaintiff and the Class performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

69. Defendants failed to pay Plaintiff and the Class in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

70. Instead, Defendants have retained and appropriated for themselves the payments due and owing to the Plaintiff and the Class resulting from overtime hours worked and expenditures charged to and incurred by Plaintiff and the Class in direct consequence of the discharge

of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

71. Defendants are indebted to Plaintiff and the Class for the services, work and labor performed by Plaintiff and the Class and for money had and received by defendants for the use and benefit of Plaintiff and the Class during the Class period until the date of entry of judgment plus interest and attorneys' fees.

## COUNT VII
## PENNSYLVANIA COMMON LAW
## (QUANTUM MERUIT)

72. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

73. Plaintiff and the Class loyally and conscientiously served as employees of the defendants.

74. Plaintiff and the Class created value and good will for the Defendants and generated substantial income for the Defendants.

75. The Defendants knew or should have known that Plaintiff and other members of the class were to be fully paid for the work they performed, including overtime.

76. The Defendants did not pay Plaintiff and the Class overtime earned and accrued for the work they performed for the Defendants.

77. Accordingly, Plaintiff and the Class are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter an order:

   a. certifying this action as a collective action pursuant to 29 U.S.C. § 216(b);

   b. ordering Defendants to promptly file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past

three (3) years, and authorizing Plaintiff's counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime compensation as required by the FLSA;

  c. adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

  d. adjudicating and declaring that Plaintiff and similarly situated employees are entitled to overtime compensation for hours worked in excess of forty (40) hours per week;

  e. adjudicating and declaring that Defendants violated the FLSA and PMWA by failing to pay Plaintiff and similarly situated employees for their hours worked in excess of forty hours per week;

  f. awarding Plaintiff and similarly situated employees overtime wages in an amount consistent with the FLSA and PMWA;

  g. awarding Plaintiff and similarly situated employees liquidated damages in accordance with the FLSA and PMWA;

  h. awarding Plaintiff and the Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA;

  i. awarding pre and post-judgment interest and court costs as further allowed by law;

  j. granting Plaintiff and the Class leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  k. for all additional general and equitable relief to which Plaintiff and the Class may be entitled.

Dated: Flushing, New York
October 16, 2019

    HANG & ASSOCIATES, PLLC

    By: /s/ *Jian Hang*

    Jian Hang, Esq. (ID # 319709)
    136-20 38th Avenue Suite 10G
    Flushing, New York 11354
    Phone:  718.353.8588
    Fax:     718.353.6288
    E-mail: jhang@hanglaw.com
    *Attorneys for Plaintiff*