# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LI LIU, Individually and on behalf of all other employees similarly situated,** | Case No. 2:19-cv-1179 |
| Plaintiff, | |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| **SICHUAN GOURMET II, LLC d/b/a SICHUAN GOURMET, WEIXIANG YOU, YONGPENG XIA, ZHONG ZHUANG,** | |
| Defendants. | |
| | **Filed on Behalf of Defendants:** Sichuan Gourmet II, LLC d/b/a Sichuan Gourmet, Weixiang You, Yongpeng Xia, Zhong Zhuang |
| | **Counsel of Record:** |
| | ROBERT O LAMPL<br>PA I.D. #19809<br>JAMES R. COONEY<br>PA I.D. #320706<br>DAVID L. FUCHS<br>PA I.D. #205694<br>**Counsel for Defendants**<br>223 Fourth Avenue, 4th Fl.<br>Pittsburgh, PA  15222<br>(412) 392-0330 (phone)<br>(412) 392-0335 (facsimile)<br>Email:  rlampl@lampllaw.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LI LIU, Individually and on behalf of all other employees similarly situated,** | Case No. 2:19-cv-1179 |
| **Plaintiff,** | |
| vs. | |
| **SICHUAN GOURMET II, LLC d/b/a SICHUAN GOURMET, WEIXIANG YOU, YONGPENG XIA, ZHONG ZHUANG,** | |
| **Defendants.** | |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, by and through their undersigned counsel, and submit the within Answer and Affirmative Defenses, and in support thereof, state as follows:

1. The averments of this paragraph are conclusions of law for which no response is required. By way of further response, the averments of this paragraph are denied and strict proof thereof is demanded.

2. The averments of this paragraph are admitted in part and denied in part. It is admitted that the Debtor was employed by the restaurant. The remaining averments are denied. In fact, the Plaintiff was not a kitchen helper for the entire restaurant. Rather, the Plaintiff worked directly under a chef who provided a distinct and different menu than the Defendant restaurant. The Plaintiff performed no work for the other areas of the restaurant.

3.   The averments of this paragraph are denied and strict proof thereof is demanded.

4.   The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.  By way of further response, it is denied that there are similarly situated employees as alleged by the Plaintiff.

5.   The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

6.   The averments of this paragraph are conclusions of law for which no response is required.

7.   The averments of this paragraph are conclusions of law for which no response is required.

8.   The averments of this paragraph are conclusions of law for which no response is required.

9.   The averments of this paragraph are conclusions of law for which no response is required.

10.  The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

11.  Admitted.

12.  The averments of this paragraph are admitted in part and denied in part.  It is admitted that Defendant You is an owner of the business.  The

remaining averments are denied and strict proof thereof is demanded. By way of further response, it is denied that the Defendant had any authority to hire or fire the Plaintiff, as that authority was vested in the chef who controlled this separate and distinct menu offering at the restaurant and the Defendants could not hire, fire or control the work of the Plaintiff.

13. The averments of this paragraph are admitted in part and denied in part. It is admitted that Defendant Xia is an owner of the business. The remaining averments are denied and strict proof thereof is demanded. By way of further response, it is denied that the Defendant had any authority to hire or fire the Plaintiff, as that authority was vested in the chef who controlled this separate and distinct menu offering at the restaurant and the Defendants could not hire, fire or control the work of the Plaintiff.

14. The averments of this paragraph are admitted in part and denied in part. It is admitted that Defendant Zhuang is an owner of the business. The remaining averments are denied and strict proof thereof is demanded. By way of further response, it is denied that the Defendant had any authority to hire or fire the Plaintiff, as that authority was vested in the chef who controlled this separate and distinct menu offering at the restaurant and the Defendants could not hire, fire or control the work of the Plaintiff.

15. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

16. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

17. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, there is no basis in fact for the collective action proposed by the Plaintiff.

18. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, there is no basis in fact for the collective action proposed by the Plaintiff.

19. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

20. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

21. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, there is no basis in fact for the collective action proposed by the Plaintiff.

22. Admitted.

23. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

24. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied as stated and Defendants incorporate their response to paragraph 14 above.

25. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied as stated and Defendants incorporate their response to paragraph 14 above.

26. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied as stated and Defendants incorporate their response to paragraph 14 above. By way of further response, Plaintiff was paid all amounts owed to him and insisted that such payments be made in cash.

27. The averments of this paragraph are denied and strict proof thereof is demanded.

28. The averments of this paragraph are denied and strict proof thereof is demanded.

29. The averments of this paragraph are denied and strict proof thereof is demanded.

30. The averments of this paragraph are denied and strict proof thereof is demanded.

31. The averments of this paragraph are denied and strict proof thereof is demanded.

32. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

33. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. In fact, in the Plaintiff's department within the restaurant, there were only 2 other workers.

34. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

35. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

36. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

37. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

38. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

39. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT I

## FAIR LABOR STANDARDS ACT

40. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

41. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

42. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

43. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

44. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

45. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT II

## PENNSYLVANIA MINIMUM WAGE ACT

46. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

47. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

48. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

49. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

50. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

51. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

52. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

53. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT III

## PENNSYLVANIA MINIMUM WAGE ACT AND WAGE PAYMENT COLLECTION LAW

54. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

55. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

56. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT IV

## PENNSYLVANIA COMMON LAW/PENNSLVANIA MINIMUM WAGE ACT/ WAGE PAYMENT AND COLLECTION LAW

57. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

58. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

59. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

60. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

61. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

62. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

63. The averments of this paragraph are conclusions of law for which no response is required.  To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT V

## UNJUST ENRICHMENT

64. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

65. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

66. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT VI

## GENERAL ASSUMPSIT

67. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

68. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

69. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

70. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

71. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT VII

## QUANTUM MERUIT

72. The Defendants incorporate the preceding paragraphs by reference, as if set forth at length herein.

73. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

74. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

75. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

76. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

77. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

78. The Complaint fails to state a claim upon which relief may be granted.

79. The Defendants invoke the affirmative defense of the statute of limitation which may bar Plaintiff's claims in whole or in part.

80. The Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act.

81. At all times, the Defendants acted in good faith and with the reasonable belief that their actions were compliant with the FLSA.

82. The Defendant was an independent contractor and not an employee.

83. The Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

84. The Plaintiff overstates and misrepresents the hours he worked, including time in his damages calculation for which he was not required to be at the business location.

85. The Plaintiff fails to provide any credit for the housing he was provided as part of his employment.

86. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner to give rise to such liability.

87. The Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

88. Plaintiff was compensated for all amounts he was owed from the Defendants.

89. The Plaintiff's claims are estopped by the submission and/or admission of his own time records for the work claimed.

90. The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

91. The Plaintiff and any members of a purported class or collective action are not similarly situated and potential claims of the purported class will reflect variability.

92. Plaintiff has failed to mitigate his alleged damages.

93. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

94. The Plaintiff has failed to exhaust administrative remedies.

95. Defendants' actions were in good faith.

96. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery.

97. All actions taken by the Defendants with respect to Plaintiff were supported by legitimate business reasons.

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against the Plaintiff.

                Respectfully Submitted,


                */s/ Robert O Lampl*_____
                ROBERT O LAMPL
                PA I.D. #19809
                JAMES R. COONEY
                PA I.D. #320706
                DAVID L. FUCHS
                PA I.D. #205694
                223 Fourth Avenue, 4th Fl.
                Pittsburgh, PA  15222
                (412) 392-0330 (phone)
                (412) 392-0335 (facsimile)
                Email:  rlampl@lampllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LI LIU, Individually and on behalf of all other employees similarly situated,** | Case No. 2:19-cv-1179 |
| **Plaintiff,** | |
| vs. | |
| **SICHUAN GOURMET II, LLC d/b/a SICHUAN GOURMET, WEIXIANG YOU, YONGPENG XIA, ZHONG ZHUANG,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

Robert O Lampl, hereby certifies that on the 30th day of October, 2019, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served upon the following *(via First-Class U.S. Mail and/or email service)*:

Jian Hang, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY  11354
Email:  jhang@hanglaw.com

Date: October 30, 2019

/s/ Robert O Lampl
ROBERT O LAMPL
PA I.D. #19809
JAMES R. COONEY
PA I.D. #320706
DAVID L. FUCHS
PA I.D. #205694
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com